G. Thomas Martin, III (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
Telephone: (818) 907-2030
Fax: (818) 205-3730
tom@plglawfirm.com

Attorneys for Plaintiffs
Warren & Loan Murphy

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

WARREN ROBERT MURPHY, JR
and
LOAN T. NGUYEN MURPHY,

      Plaintiffs,

vs.

OCWEN LOAN SERVICING, LLC;
TRANS UNION, LLC; EQUIFAX
INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC.; and DOES 1 to
10, inclusive,

      Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Credit Reporting Practices)**

Unlimited Civil Jurisdiction

    Plaintiffs Warren & Loan Murphy ("Plaintiffs"), by and through their attorney, allege the following against Defendants:

## INTRODUCTION

1. Plaintiffs bring this action for damages based upon Defendants' violation of the Fair Credit Report Act ("FCRA"), 15 U.S.C. 1681 et seq.

## VENUE AND JURISDICTION

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681(p), which states that such actions may be brought and heard before "any appropriate United States district court, without regard to the amount in controversy." The Court has jurisdiction over the state law claims pursuant to 15 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events described in this complaint took place within this district.

## PARTIES

4. Plaintiffs, Warren & Loan Murphy, are natural persons who reside in the City of Sacramento, County of Sacramento, California. Plaintiffs are "consumers" as defined by the FCRA, 15 U.S.C. § 1681(a).

5. Defendant, Ocwen Loan Servicing, LLC ("Ocwen"), is a Delaware Limited Liability Company, headquartered in the State of Florida, with its mailing address at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409. Ocwen has a multibillion portfolio of mortgage loans under management and is one of the country's largest servicers of mortgage loans. Defendant Ocwen was an entity which engaged in the practice of furnishing consumer information to consumer reporting agencies, and is therefore a "furnisher of information" as contemplated by 15 U.S.C. § 1681s-2(a) & (b), and other sections of the FCRA. Defendant Ocwen is a "person" as defined by FCRA 1681a(b), and a "reseller" as defined by FCRA 1681a(u).

6. Defendant, Trans Union, LLC (hereinafter "Trans Union"), is a national corporation with its principal place of business located at 555 West Adams, Chicago, Illinois.  At all relevant times herein, Defendant, Trans Union, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7. Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a national corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, California, 92626.  At all relevant times herein, Defendant, Experian, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

8. Defendant, Equifax, LLC (hereinafter "Equifax"), is a national corporation with its principal place of business located at 1550 Peachtree, St. NW Atland, Georgia, 30309.  At all relevant times herein, Defendant, Equifax, was an entity which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other consumer information for the purpose of furnishing consumer reports to third parties, and used some mean or facility of

interstate commerce for the purpose of preparing or furnishing consumer reports, and is therefore a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

10. Plaintiffs are informed and believe and on that basis allege that Defendants are responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants, or as their agents, servants, employees, and that each of them are legally liable to Plaintiffs, as set forth below.

## **FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiffs who are not minors allege that the following events and actions taken by Defendants occurred within the past year.

12. In June 2006, Plaintiffs purchased a single family residence located at 9254 Welford Ct., Sacramento, CA 95829. Plaintiffs resided in the house from the date of purchase until the house foreclosed on or before January 2010.

13. Upon information and belief, Plaintiffs financed the purchase with loans from Litton Mortgage and serviced by Little Loan Servicing. The mortgage was secured by a 1st and 2nd Deeds of Trust, the proceeds of which were used to pay part or all the purchase price of the house. OCWEN, on September 1, 2011, acquired complete ownership of Litton Loan Servicing, L.P., including the Plaintiffs' loans, agreed to assume its liabilities, and serviced the loans owned by a securitized trust.

14. Due to financial hardship, Plaintiffs stopped making the monthly loan payments on the loans in or about June 2008. Thereafter, the holder of the 1st deed of trust initiated foreclosure proceedings that resulted in a trustee's sale.

15. The effect of the foreclosure was to extinguish the loan secured by the 2nd deed of trust.

16. In or around July 2012, Plaintiffs conducted a credit review with the three major credit reporting agencies, Experian, Equifax and Trans Union (Collectively referred to as "CRAs"), and discovered inaccuracies in their credit files.

17. Plaintiffs found out that Ocwen was continuing to report to the three national credit reporting agencies that Plaintiffs' loan account was past due and that they owed a balance of $81,085.00 on the second mortgage.

18. Section 580b of the California Code of Civil Procedures provides that no deficiency judgment lies after a foreclosure in the case of a purchase money loan secured by a deed of trust provided the buyer resides in the property and that the proceeds of the loan went towards the purchase price. The loan held by Ocwen is subject to the terms of California Code of Civil Procedure 580b.

19. Given the fact that the loan is subject to CCP Section 580b, Ocwen is barred from obtaining a judgment against Plaintiffs. Nor can Ocwen legally sue Plaintiffs to collect on the loan. If it did, Ocwen would be in violation of the California Fair Debt Collection Practices Act, Civil Code § 1788 et seq. and the federal Fair Debt Collection Act because Ocwen would be pursuing an invalid debt.

20. Given the fact that the loan may not be enforced, Ocwen's credit reports to the credit bureaus are inaccurate because they are misleading. The reports are misleading because creditors that view Plaintiffs' credit reports would reasonably conclude that they owe $81,085.00 to Ocwen and that the account is "past due."

21. Ocwen's reports are also incomplete because Ocwen fails to disclose it cannot obtain a judgment on the loan account.

22. Subsequently, on or about July 2012, Plaintiffs formally disputed the negative, inaccurate information with all three Credit Rating Agencies ("CRAs").
23. Plaintiffs sent the three national credit reporting agencies (Equifax, Experian & Trans Union) letters to Ocwen in which they stated the precise reasons that Ocwen should not be reporting the account as having a balance or being past due.
24. Upon receipt of the letters, the three credit reporting agencies each sent an automatic customer dispute verification form informing defendant Ocwen that the consumer was disputing its reporting of the status of the account.
25. On or about August 2012, Plaintiffs received the results of investigation from Equifax, Experian and Trans Union.
26. Despite Plaintiffs' exhaustive efforts to date to remove the erroneous information, Defendants have nonetheless repeatedly, deliberately, willfully, intentionally, recklessly, and negligently failed to perform reasonable investigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to include accurate information, have failed to report on the results of the reinvestigations and have continued to report the derogatory information about Plaintiffs.
27. As a result of Defendants' conduct, Plaintiffs have suffered actual damages and serious financial and pecuniary harm arising from monetary losses related to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone charges, postage, faxing and other related costs, all of which will continue into the future to Plaintiffs' great detriment and loss.
28. As a result of Defendants' conduct, Plaintiffs have suffered great physical, emotional and mental pain and anguish, and Plaintiffs will continue to suffer

   the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

29. As a result of Defendants' conduct, Plaintiffs have suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiffs will continue to suffer the same for an indefinite time in the future, all to Plaintiffs' great detriment and loss.

30. As a result of Defendants' conduct, Plaintiffs have suffered a decreased credit score as a result of the negative entry appearing on Plaintiffs' credit file, preventing them from being able to obtain credit.

## COUNT I – FIRST CLAIM FOR RELIEF
## DEFENDANT OCWEN VIOLATED
## FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

31. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

32. The FCRA requires a furnisher such as Ocwen, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

33. Within the last two years, defendant Ocwen provided inaccurate information to the credit reporting agencies.

34. Within the past two years, Plaintiffs notified Experian, Equifax, and Trans Union that their reports concerning Ocwen were inaccurate. Thereafter, the

credit reporting agencies notified Ocwen that Plaintiffs was disputing the information it had furnished to the credit reporting agencies.

35. Ocwen violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §s-2(b);

   a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiffs disputed;
   b. willfully and negligently failing to review all relevant information concerning Plaintiffs' account provided to Ocwen;
   c. willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
   d. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;
   e. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiffs;
   f. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiffs to credit reporting agencies;
   g. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiffs' account to credit reporting agencies; and
   h. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

36. In attempting to collect the aforementioned alleged debt, the Defendants, by and through their agents and employees, violated the provisions of the Fair Credit Reporting Act by furnishing information on the Plaintiffs to one or

more consumer reporting agency although Defendant knew, or consciously avoided knowing, that the information was inaccurate; to wit, Defendant improperly re-aged the creditor account, thereby allowing the alleged debt to remain on Plaintiffs' consumer credit profile in violation of FCRA.

37. Ocwen's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiffs that are outlined more fully above, and as a result, Defendants are liable to compensate the Plaintiffs for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. 1681n.

## COUNT II – SECOND CLAIM FOR RELIEF
## DEFENDANT OCWEN VIOLATED
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT,
## (CCCRA), California Civil Code §§1785.25(a)

38. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

39. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

40. California Civil Code § 1785.25 (b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting agency of that determination and provide corrections to the consumer reporting agency that is necessary to make the information complete and accurate.

41. California Civil Code § 1785.25 (c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a consumer reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the consumer reporting agency that the information is disputed by the consumer.

42. Defendant Ocwen negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

43. Based on these violations of Civil Code § 1785.25 (a), Plaintiffs are entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## COUNT III – THIRD CLAIM FOR RELIEF
## DEFENDANTS EQUIFAX, EXPERIAN, TRANS UNION VIOLATED FAIR CREDIT REPORTING ACT, (FCRA), 15 U.S.C. § 1681 *et seq.*

44. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

45. The Fair Credit Reporting Act provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consume notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or delete the item from the file within 30 days of receiving the consumer's dispute notice. 15 USC § 1681i(a)(l)(A).

46. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 USC § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

47. Within the two years preceding the filing of this complaint, Plaintiffs notified the defendant credit reporting agencies of an inaccuracy contained in its reports and asked them to correct the inaccuracy.

48. The defendant credit reporting agencies failed to conduct a reasonable reinvestigation of the inaccuracies that Plaintiffs disputed.

49. The defendant credit reporting agencies failed to review and consider all relevant information submitted by Plaintiffs.

50. The defendant credit reporting agencies failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiffs credit reports, information and file in violation of IS USC § 1681e(b).

51. As a result of the above-described violations of § 1681i and § 1681e(b), Plaintiffs have sustained damages.

52. The defendant credit reporting agencies' violations of the FCRA were willful and therefore Plaintiffs are therefore entitled to also seek statutory and punitive damages.

///

///

///

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendants for the following:

    a) Actual damages;

    b) Statutory damages;

    c) Punitive damages;

    d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

    e) Any other relief that this court deems to be just and proper.

Dated: March 20, 2013

Respectfully submitted,
**PRICE LAW GROUP, APC**

/s/ G. Thomas Martin, III
G. Thomas Martin, III, Esq.
Attorney for Plaintiffs