ERIC D. HOUSER (SBN 130079)
PATRICK S. LUDEMAN (SBN 261314)
HOUSER & ALLISON, APC
3780 Kilroy Airport Way, Suite 130
Long Beach, CA 90806
Tel:    (562) 256-1675; Fax: (562) 256-1685
Email: pludeman@houser-law.com

Attorneys for Defendant OCWEN LOAN SERVICING, LLC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| WARREN ROBERT MURPHY, JR<br>and<br>LOAN T. NGUYEN MURPHY<br><br>        Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC.; and DOES 1- through10 inclusive,<br><br>        Defendants. | Case No. 2:13-cv-00555-TLN-EFB<br><br>Honorable Troy L. Nunley<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANT OCWEN LOAN SERVICING, LLC. ; MEMORANDUM OF POINTS AND AUTHORITIES INSUPPORT THEREOF**<br><br>[Fed. R. Civ. P. 12(b)]<br><br>[Request for Judicial Notice Filed Concurrently]<br><br>Date:   May 22, 2014<br>Time:  2:00 p.m.<br>Courtroom: 2, 15th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** that on May 22, 2014, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2, of the above-entitled Court located at 501 I Street, Sacramento, CA 95814, defendant OCWEN LOAN SERVICING, LLC. will and hereby does move the Court to dismiss the First Amended Complaint of Plaintiffs WARREN ROBERT MURPHY, JR. and LOAN T. NGUYEN MURPHY.

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

1

1    This motion is made and based upon *Federal Rule of Civil Procedure* 12(b)(6) and on the grounds that the claims contained in Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

This motion is based upon this Notice of Motion, the Memorandum of Points and Authorities, and upon all pleadings, papers, and documents on file herein, as well as any oral argument which may be presented at the time of the hearing or any matters of which judicial notice is requested and/or taken.

Dated: March 25, 2014                              **HOUSER & ALLISON**
                                                   A Professional Corporation


                                                       /s/ Patrick S. Ludeman
                                                   Eric D. Houser
                                                   Patrick S. Ludeman
                                                   Attorney for Defendant Ocwen Loan
                                                   Servicing, LLC

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Plaintiffs' First Amended Complaint ("FAC") has not corrected the legal deficiencies that this Court acknowledged when issuing its Order (ECF No. 40) granting Ocwen Loan Servicing, LLC's ("Ocwen") Motion to Dismiss the original complaint.  Plaintiff continues to rely upon the flawed legal theory that California *Code of Civil Procedure* Section 580b has caused an unpaid debt to disappear.  The law is clear that regardless of whether a debt is recoverable, reporting an unpaid debt is not actionable.  Additionally, Plaintiffs' own facts as pled admit that there is the existence of an unpaid debt, making the report factually accurate.  A factually accurate report cannot be subject to dispute.  Based on the manner in which Plaintiffs have pled this case, this suit fails legally and factually at the pleading stages, and they attempt to create a cause of action where none lies.  Plaintiffs' entire FAC is based on the fact that there is factually accurate information on their credit report that they do not like, and therefore it should be removed.

Plaintiffs' allegation that subsequent credit reporting activity on a second position lien creates a private right of action is based upon a misapplication of legal authority. Ocwen does not deny that the security in the second lien was terminated by a completed foreclosure on the first position lien; but the antideficiency statute referenced by Plaintiffs (CCP § 580b) does not contain language prohibiting credit reporting on a delinquent account.  Additionally, Plaintiffs admit that the second position lien was never paid off, and do not allege Ocwen has ever attempted to collect on it.  Plaintiffs at no time identify a factual disagreement about the status of the debt, and an accurate report is not subject to dispute, nor misleading.  For these reasons, the Motion to Dismiss the FAC should be granted because Plaintiffs have not corrected the deficiencies in the Complaint.

**II.    STATEMENT OF RELEVANT FACTS**

Plaintiffs' financed the purchase of property with two separate loans in 2006.  One loan was for $243,750.00, and the second position lien was for $81,250.00.  (ECF No. 43, ¶10; Request for Judicial Notice ("RJN"), Exhibits 1 and 2).  The Plaintiffs ceased making all

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**
1

payments on the loans and in 2009 a Notice of Trustee's Sale was recorded indicated Plaintiffs owed approximately $266,090.52 on the first position lien. (ECF No. 43, ¶11; RJN, Exhibit 3). The property was sold at trustee's sale on January 21, 2010 for the price of $149,000.00. (ECF No. 43, ¶11; RJN, Exhibit 4). The sale price did not pay off the amounts owed on both loans Plaintiffs borrowed in 2006 leaving an unpaid second position of approximately $81,085.00. (ECF No. 43, ¶ 14). Ocwen has never attempted to collect any of the unpaid balance on the second position lien because they did not service the loan until after the sale occurred. (ECF No. 43, ¶ 11). The amount borrowed by Plaintiffs has never been paid off and the debt still exists.

## III. THE MOTION TO DISMISS SHOULD BE GRANTED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Federal Rules of Civil Procedure, Rule 12(b) reads in relevant part:

Every defense, in law or fact, to a claim for relief in. any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be 'made by motion...

(6) failure to state a claim upon which relief can be granted,... A motion making any of these defenses shall be made before pleading if a further pleading is permitted.

A Rule 12(b)(6) motion is similar to the common law general demurrer: *i.e.,* it tests the legal sufficiency of the claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. [*Beliveau* v. *Caras,* 873 F. Supp. 1393, 1395 (C.D. Cal. 1995).] Rule 12(b)(6) may be used to dismiss claims where alleged facts do not give rise to a legal remedy. [*Ballistreri* v. *Pacifica Police Dep't,* 90IF.2d 696, 699 (9th Cir. 1990).] A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." [*Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007).]

///

///

///

///

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

2

## IV. CALIFORNIA CODE OF CIVIL PROCEDURE § 580b DOES NOT BAR REPORTING THE EXISTENCE OF A DEBT EVEN THOUGH THAT DEBT CANNOT BE ENFORCED

The primary contention that Plaintiffs base their credit reporting claims on is a mistaken and unsupported belief, that subsequent to a trustee's sale the unenforceable debt of the second position lien has disappeared. Plaintiffs cite no case law or statute that implies the meaning of the legislation was to eliminate unpaid debts. Plaintiffs attempt to classify the factually accurate existence of an unpaid debt, as an intentional misleading debt because it cannot be enforced. (ECF No. 43, ¶¶ 16-17).  These are two completely different contentions, which require different interpretation of the law. Ocwen has never once been accused of attempting to collect on the unpaid second position lien, so they have not violated Section 580b. Ocwen is being accused of inaccurate credit reporting on a debt that Plaintiffs admit was never paid off. It is important to discuss Plaintiffs claims in two distinct steps. First, that 580b does not eliminate the debt, and does not indicate it cannot be reported as unpaid. And second, that a factually accurate report cannot be in dispute.

Plaintiffs' arguments are unsupported by statutory authority and precedent. There is no language contained within section 580b that specifically concentrates upon credit reporting activity, and in the absence of such language, this Court should not incorporate additional language that is unsupported by statutory construction. Moreover, precedent indicates that Plaintiffs are incorrect in asserting that the underlying debt was terminated by the foreclosure sale on the senior lien. The debt does not cease to exist by operation of law merely because the security is extinguished.

Section 580b states that, "[N]o **deficiency judgment** shall lie" after default on a purchase-money mortgage. Section 580b communicates plainly that the purchase money mortgagee may not seek a personal judgment in court against the mortgagor. The statute at no point ever elaborates on whether the mortgagee may then furnish information about the unpaid debt or whether the debt ceases to exist. Had the California legislature wanted courts to find

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

3

1   that section 580b eliminated the debt in actions such as the instant one, it could have easily
2   included the language.
3       The Northern District of California has observed that a plain reading of the statute – that
4   section 580b prevents collection of the debt but does not eliminate the debt itself or prohibit
5   reporting. [*Herrera v. LCS Financial Serv. Corp.*, 2009 WL 2912517 *4 (N.D. Cal. 2009)].
6   This Court has already agreed with this interpretation of the law argued by Defendants in the
7   original motion to dismiss.  Absent any statutory or case law to the contrary, Section 580b says
8   nothing about extinguishing an unpaid debt following a trustee's sale, as Plaintiffs claim.  [*See
9   id*. at *8 ("Section 580b, by its own terms, eliminates a creditor's ability to seek a deficiency
10  judgment, but it does not eliminate the underlying debt.  The fact of that debt's existence may
11  be entirely theoretical, given that section 580b closes the courthouse door on any creditors'
12  collection efforts against the mortgagor.  However, the claim that section 580b erases the
13  debt…must fail as a matter of law.")].
14      This statutory interpretation confirms the first prong of Defendant's arguments to defeat
15  Plaintiffs' claim.  This being that simply because the unpaid debt is subject to section 580b,
16  there is nothing in the statute which prohibits credit reporting of an admittedly unpaid loan.

**V.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER EITHER THE FEDERAL OR STATE CREDIT REPORTING ACTS BECAUSE AN ACCURATE REPORT IS NOT MISLEADING AND CANNOT BE IN DISPUTE**

Plaintiffs allege that Ocwen has violated the California Consumer Credit Reporting Agencies Act (*Civil Code* §§ 1785.25(a); CCCRA), and the Federal Fair Credit Reporting Act (15 U.S.C. §1681 *et seq*.; (FRCA).  The only change to Plaintiffs FAC from the original complaint is that they focus on 1681n and 1681o by arguing that Ocwen's alleged failure to notate the alleged credit report that the debt is disputed is willful and negligent. (ECF No. 43, ¶¶ 23; 33).  Plaintiffs admit they did not pay to second position loan and that fact is not in dispute.  Plaintiffs' credit reporting claims are based on an allegation that Ocwen is required to notate an otherwise **accurate** credit report that the debt is in dispute because Plaintiffs are not technically obligated to pay it back, and Ocwen cannot sue to collect it.  This argument does not

establish why an admittedly unpaid debt reported for the very purpose of listing unpaid debts should be actionable.  Plaintiffs cite to no case law that establishes an accurate report is actionable as misleading.

Plaintiffs do not identify a factual disagreement about the status of the debt, they admit it is unpaid, and do not challenge the unpaid amount.  An unpaid debt that is not in dispute reported to a credit reporting agency is accurate.  [*See Kellers v. Ocwen Loan Servicing, LLC*, 2009 WL 2899813 (Oregon 2009)].  Plaintiffs base their credit reporting theory on a legal interpretation of the statute that Ocwen is required to accept their belief about the extinguishment of the debt, and therefore classify an admitted unpaid debt as in dispute. Plaintiffs claim relies on a flawed legal conclusion under section 580b that their debt does not exist, so therefore reporting it is inaccurate and actionable.  A furnisher cannot be expected to report information only after independently addressing each and every possible legal objection as to the status of the debt.  [*See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 38 (1st Cir. 2010)] ("a plaintiff's required showing is factual inaccuracy, rather than the existence of disputed legal questions…[citations omitted]…Like CRAs, furnishers are "neither qualified nor obligated to resolve" matters that "turn [ ] on questions that can only be resolved by a court of law. [*DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)]").

The foundation for Plaintiffs' claim is that the otherwise accurate report is now actionable under the Credit Reporting statutes because they believe there is a dispute about the enforceability of the debt.  This is despite there being no allegations that Ocwen has ever attempted to enforce the debt.  They only allege Ocwen has reported the existence of a debt which Plaintiffs admit to never have paid back.  A furnisher of credit information does not report incomplete or inaccurate information within the meaning of the FRCA simply by failing to report a meritless dispute, because reporting an actual debt without noting that it is disputed is unlikely to be materially misleading.  [*See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009)].  If there was a bona fide dispute about money owed by Plaintiffs, a dispute that materially would alter how the reported debt is understood, then perhaps a claim could be made.  In this matter the unpaid debt is not in dispute.  The dispute is based upon

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

5

1 whether Ocwen has to indicate on the credit report that the debt cannot be collected by
2 judgment. There can be no claim under the Credit Reporting Statutes on these facts.

3 Since Plaintiffs cannot establish that Section 580b does in fact erase the debt, the debt
4 still clearly exists. Further, because Plaintiffs cannot establish this necessary fact, Ocwen is not
5 violating any statutes by reporting it. Plaintiffs have never once even attempted to identify a
6 **factual** inaccuracy in the alleged report that would give rise to a bona fide dispute. Plaintiffs
7 have not cited any case law or statutory law that requires Ocwen to notate next to the accurate
8 report of the debt that Plaintiffs dispute the debt on account that it cannot be judicially enforced.
9 Therefore, Plaintiffs fail to establish any claim for a violation of a Credit Reporting statute
10 because factually accurate information cannot be misleading or in dispute. Therefore, the
11 causes of action must fail, and the motion to dismiss be granted.

12 **VI.   FURTHER LEAVE TO AMEND SHOULD BE DENIED**

13 Plaintiffs' entire FAC is predicated upon an erroneous application of law which exceeds
14 the scope of governing statutory authority. "Leave to amend should be denied where the facts
15 are not in dispute and the nature of the claim is clear but no liability exists under substantive
16 law." [*Lawrence v. Bank of America*, (1985) 163 Cal. App. 3d 431, 436]. It is not up to the court
17 to figure out how the complaint can be amended. Rather, the burden is on the Plaintiff to show
18 in what manner he can amend the Complaint, and how the amendment will change the legal
19 effect of the pleading. [*See Goodman v. Kennedy*, (1976) 18 Cal.3d 335, 349].

20 Plaintiffs' two separate attempts to plead this case clearly demonstrates that this lawsuit
21 is entirely based upon theories of law that are unsupported by statute; and no amendment can
22 remedy the defects present in the FAC. Therefore, this Court should grant Ocwen's Motion to
23 Dismiss without further leave to amend in the interest of judicial efficiency and economy.
24 ///
25 ///
26 ///
27 ///
28

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE FAC**

6

## VII. CONCLUSION

For the foregoing reasons, Ocwen respectfully requests that the Motion to Dismiss Plaintiffs' First Amended Complaint be granted.

Dated: March 25, 2014

                                             **HOUSER & ALLISON**
A Professional Corporation

                                                /s/ Patrick S. Ludeman
Eric D. Houser
Patrick S. Ludeman
Attorney for Defendant Ocwen Loan Servicing, LLC